UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x

JORGE GORIS,                              :         **REPORT AND**
                                                    **RECOMMENDATION TO**
                       Petitioner,   :         **THE HONORABLE**
                                                    **RICHARD M. BERMAN**

          -against-                  :         07 Civ. 7176 (RMB)(FM)

L. PAYANT, Superintendent,                :

                       Respondent.  :

-------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

I.    Relevant Facts

        Petitioner Jorge Goris ("Goris") brings this habeas corpus proceeding, pursuant to 28 U.S.C. § 2254, to challenge his conviction in Supreme Court, New York County, on a charge of Criminal Sale of a Controlled Substance in the Third Degree. (Docket No. 1). On August 18, 2004, Justice Ruth Pickholz sentenced Goris as a second felony offender to a prison term of four and one-half to nine years.[1] (See Decl. of Ass't Att'y Gen. Lisa Fleischmann in Supp. of Resp't's Mot. to Dismiss ("Fleischmann Decl."), dated Dec. 21, 2007, Ex. A at 7).[2] Goris had been convicted of the predicate felony,

---

[1] The Appellate Division, First Department, unanimously affirmed Goris's conviction on February 8, 2007, and the New York Court of Appeals denied Goris's application for leave to appeal on June 15, 2007. People v. Goris, 37 A.D.3d 204 (1st Dep't 2007); People v. Goris, 9 N.Y.3d 844 (2007).

[2] The date on the Fleischmann Declaration is clearly a typographical error since the motion was filed on November 21, 2007. (See Docket No. 4).

Attempted Criminal Sale of a Controlled Substance in Third Degree, on April 13, 1999. (Id. ¶ 2, Ex. A at 3-4); see N.Y. Penal Law § 220.39(1) (McKinney 1999).

At the time Goris filed his habeas petition on July 16, 2007, he was incarcerated at the Mohawk Correctional Facility in Rome, New York. (See Docket No. 1). However, on August 22, 2007, he was deported to the Dominican Republic. (Fleischmann Decl. ¶ 7). The respondent consequently seeks to dismiss the petition as moot, contending that no case or controversy exists because Goris is permanently barred from reentering the United States on a ground independent of the challenged 2004 conviction. (Resp't's Mem. at 1).

II.     Discussion

A habeas petition is rendered moot only if the respondent demonstrates that "there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002) (quoting Sibron v. New York, 392 U.S. 40, 57 (1968)). If Goris's only conviction were the challenged one, collateral legal consequences might exist because Goris would be permanently barred from reentering the United States on the basis of the conviction unless it were set aside. See 8 U.S.C. § 1182(a)(2)(A)(i)(II) ("any alien convicted of . . . a violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . is inadmissible"); Perez, 296 F.3d at 126.

2

Here, however, Goris previously was convicted of Attempted Criminal Sale of a Controlled Substance in the Third Degree. This conviction provided an independent basis for his deportation and also renders him permanently inadmissible to the United States. See 8 U.S.C. §§ 1227(a)(2)(B)(i), 1182(a)(2)(A)(i)(II). Thus, even if Goris's petition were to be granted, he would not be entitled to return to the United States. Inasmuch as Goris is "permanently barred from this country on a wholly separate ground, the currently challenged . . . conviction can have no meaningful effect on his admissibility and hence cannot serve as a possible collateral consequence." Perez, 296 F.3d at 126. There consequently is no case or controversy for this Court to resolve. See, e.g., Batista v. People, No. 03 Civ. 10030 (RMB)(DF), 2006 WL 3548966 (S.D.N.Y. Dec. 6, 2006); Henry v. Murray, No. 05 Civ. 3107 (DC), 2006 WL 2773851 (S.D.N.Y. Sept. 28, 2006); Soto v. Parrott, No. 03 Civ. 8647 (RMB)(MHD), 2004 WL 1043081 (S.D.N.Y. May 6, 2004).

III.  Conclusion

For the foregoing reasons, Goris's habeas petition should be dismissed as moot.

IV.  Notice of Procedure for Filing of
     <u>Objections to this Report and Recommendation</u>

The parties shall have ten (10) days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. <u>See also</u> Fed. R. Civ. P. 6(a) and (e). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Richard M. Berman and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Berman. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).

Dated:  New York, New York
        December 27, 2007

                                            /s/ Frank Maas
                                            _____
                                            FRANK MAAS
                                            United States Magistrate Judge

4

Copies to:

Jorge Goris, <u>Pro</u> <u>Se</u>
#04-R-3659
New York State Division of Parole,
 Interstate Office
97 Central Avenue
Albany, New York 12206[*]

Lisa Fleischmann, Esq.
Assistant Attorney General
Office of the Attorney General
 of the State of New York
120 Broadway
New York, New York 10271

---

[*]     Goris has failed to apprise this Court of his present whereabouts. I am nevertheless sending a copy of this Report and Recommendation to the New York State Division of Parole which may have a forwarding address for him.