USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JORGE GORIS,

       Petitioner,

  -against-

LEO PAYANT, Superintendent, Mohawk
Correctional Facility,

       Respondent.
------------------------------------------------------------X

07 Civ. 7176 (RMB)(FM)

**DECISION AND ORDER**

## I.   Background

On or about July 16, 2007, Jorge Goris ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") against Leo Payant, Superintendent of the Mohawk Correctional Facility ("Respondent"), challenging Petitioner's August 18, 2004 felony conviction in New York State Supreme Court, New York County, of the Criminal Sale of a Controlled Substance in the Third Degree in violation of New York Penal Law § 220.39(1) on the grounds of insufficient evidence to sustain a conviction and ineffective assistance of counsel. (Pet. at 1, 4–5.) Following his conviction, New York Supreme Court Justice Ruth Pickholz, on August 18, 2004, sentenced Petitioner to four-and-a-half to nine years in prison as a second felony offender based, among other things, upon Petitioner's conviction on April 13, 1999 of Attempted Criminal Sale of a Controlled Substance in the Third Degree. (Decl. of Asst. Att'y Gen. Lisa Fleischmann in Supp. of Resp't Mot. to Dismiss ("Fleischmann Declaration"), dated Dec. 21, 2007, Ex. A at 3–4, 7.)[1] On February 8, 2007, the New York Supreme Court, Appellate Division, First Department, unanimously affirmed Petitioner's conviction. People v. Goris, 37 A.D.3d 204, 830 N.Y.S.2d 62 (1st Dep't 2007). On June 15, 2007, the New York Court of

---

[1]  The Fleischmann Declaration was filed on November 21, 2007 and appears to be misdated December 21, 2007. (See Docket No. 4.)

1

Appeals denied Petitioner leave to appeal. People v. Goris, 9 N.Y.3d 844, 872 N.E.2d 884, 840 N.Y.S.2d 771 (2007).

On December 27, 2007, Magistrate Judge Frank Maas, to whom this matter had been referred, issued a thoughtful Report and Recommendation ("Report") recommending dismissal of the Petition because the August 22, 2007 deportation of the Petitioner, a second felony drug offender, has rendered the Petition moot. "There consequently is no case or controversy for this Court to resolve." (Report at 3). The Report provided that the parties had "ten (10) days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure." (Report at 4.) To date, neither Petitioner nor Respondent has filed objections to the Report.

**For the reasons stated below, the Report is adopted in its entirety and the Petition is denied.**

II.   **Standard of Review**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b). The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are neither clearly erroneous nor contrary to law. See Thomas v. Arn, 474 U.S. 140, 150–52 (1985).

Where, as here, the petitioner is proceeding pro se, the Court will "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. Analysis

The facts and procedural history set forth in the Report are incorporated herein by reference unless otherwise noted.

The Court concludes that the determinations and recommendations of Judge Maas are not clearly erroneous and, in fact, are supported by the record and by the law. On August 22, 2007, Petitioner was released from state custody and deported by the Interstate Office of the New York State Division of Parole to the Dominican Republic. (See Fleischmann Decl. at 2). While a habeas petition challenging a criminal conviction is not necessarily mooted when the petitioner is released from prison and deported, see, e.g., Spencer v. Kemna, 523 U.S. 1, 7-12 (1998), Judge Maas correctly determined that the instant Petition is moot because Petitioner's April 13, 1999 drug conviction provides "an independent basis for his deportation and also renders him permanently inadmissible to the United States." (Report at 3 (citing 8 U.S.C. §§ 1227(a)(2)(B)(i), 1182(a)(2)(A)(i)(II).) Judge Maas correctly determined that "[i]nasmuch as Goris is 'permanently barred from this country on a wholly separate ground, the currently challenged . . . conviction can have no meaningful effect on his admissibility and hence cannot serve as a possible collateral consequence." (Report at 3 (quoting Perez v. Greiner, 296 F.3d 123, 126 (2d Cir. 2002).) This Court concludes that since "collateral consequences cannot arise from the challenged . . . conviction . . . the petition is moot." Perez, supra, 296 F.3d at 126.

### IV. Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing, and a certificate of appealability is neither warranted nor appropriate. Any appeal from this Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

## V.    Conclusion and Order

For the reasons stated above, the Court adopts the Report in its entirety, and the Petition is dismissed. The Court respectfully requests the Clerk to close this case.

Dated: New York, New York
      January 25, 2008

                                    RICHARD M. BERMAN, U.S.D.J.